UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 1:09-CV-11253-RGS

| | |
|---|---|
| DANIEL F. CARDARELLI, | ) |
| Plaintiff, | ) |
| v. | ) |
| | ) |
| THE MASSACHUSETTS BAY | ) |
| TRANSPORTATION AUTHORITY, | ) |
| et al., | ) |
| Defendants. | ) |
| | ) |

**DEFENDANTS' MOTION FOR SANCTIONS PURSUANT TO RULE 11**

The Defendants[1] hereby move for sanctions under Fed. R. Civ. P. 11(c)(2). Plaintiff's Complaint, which charges former and current MBTA Police Department officers and the MBTA Police Department with the most serious kind of wrongdoing, is incredibly irresponsible, especially since this is a case where underlying factual premises of the Complaint can be shown to be demonstrably false. In particular, much of the Complaint is premised on the notion that defendant Peter Pasciucco is not really a police officer because he did not attend the police academy or take the civil service examination. Before serving this formal motion for sanctions, Defendants wrote to plaintiff's counsel and presented the compelling documentary evidence of Mr. Pasciucco's credentials, and gave plaintiff's counsel an opportunity to present any contrary evidence that would justify the allegations against Mr. Pasciucco's status as a police officer. As shown in plaintiff's recent Opposition to Defendants' Motion to Dismiss, plaintiff has no contrary evidence and yet plaintiff has persisted in pursuing a complaint, a significant part of which is patently false. Under these circumstances, having not availed himself of the "safe

---

[1] Massachusetts Bay Transportation Authority, Joseph Carter, John A. Martino, Dolores Ford Murphy, Thomas Komola, Anne McCall, Kenneth Sprague, Peter Pasciucco, Priscilla Jackson, and William Killoran (collectively the "the Defendants").

1025682.1

harbor" extended by Defendants both informally (by letter) and through service of this motion 21 days before filing, sanctions against the Plaintiff are warranted. As the allegations about Officer Pasciucco's credentials infect the entire pleading, and as the allegations may do serious harm to Officer Pasciucco's reputation and career, the court should order the Complaint be stricken, and that plaintiff pay the Defendants' attorney's fees in pursuing this motion.

In further support of this motion, the Defendants refer the court to the memorandum in support of this motion filed simultaneously herewith.

WHEREFORE, Defendants respectfully request that the court order the following sanctions against the plaintiff: a) the Complaint be stricken, and b) that plaintiff pay the Defendants' attorney's fees in pursuing this motion.

Respectfully submitted,

MASSACHUSETTS BAY TRANSPORTATION AUTHORITY, JOSEPH CARTER, JOHN A. MARTINO, DOLORES FORD MURPHY, THOMAS KOMOLA, ANNE MCCALL, KENNETH SPRAGUE, PETER PASCIUCCO, PRISCILLA JACKSON, AND WILLIAM KILLORAN

By their attorneys,

/s/ Daniel S. Tarlow
Walter B. Prince, BBO# 406640
Daniel S. Tarlow, BBO# 55292
Joseph L. Edwards, Jr., BBO# 564288
Prince, Lobel, Glovsky & Tye LLP
100 Cambridge Street, Suite 2200
Boston, MA 02114
(617) 456-8000

Date: December 24, 2009

## CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1(A)(2)

    I, Daniel S. Tarlow, counsel for defendants, hereby certify in accordance with Local Rule 7.1(A)(2) that defendants conferred with plaintiff's counsel, Michael Rubenstein, on December 23, 2009, regarding the issues addressed in the foregoing motion for sanctions, and that we attempted in good faith to resolve or narrow the issues addressed herein.

                          /s/ Daniel S. Tarlow

Date: December 24, 2009

## CERTIFICATE OF SERVICE

    I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on December 24, 2009.

                          /s/ Daniel S. Tarlow