UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 1:09-CV-11253-RGS

DANIEL F. CARDARELLI, )
               Plaintiff, )
v. )
  )
THE MASSACHUSETTS BAY )
TRANSPORTATION AUTHORITY, )
et al., )
               Defendants. )
  )

**DEFENDANTS' MEMORANDUM IN SUPPORT OF MOTION FOR SANCTIONS PURSUANT TO RULE 11**

**I.   Introduction**

The Defendants[1] submit this memorandum in support of their motion for sanctions under Fed. R. Civ. P. 11(c)(2). Plaintiff's Complaint, which charges former and current MBTA Police Department officers and the MBTA Police Department with the most serious kind of wrongdoing, is incredibly irresponsible, especially since this is a case where underlying factual premises of the Complaint can be shown to be demonstrably false. In particular, much of the Complaint is premised on the notion that defendant Peter Pasciucco is not really a police officer because he did not attend the police academy or take the civil service examination. Before serving this formal motion for sanctions, Defendants wrote to plaintiff's counsel and presented the compelling documentary evidence of Mr. Pasciucco's credentials, and gave plaintiff's counsel an opportunity to present any contrary evidence that would justify the allegations against Mr. Pasciucco's status as a police officer. As shown in plaintiff's recent Opposition to Defendants' Motion to Dismiss, plaintiff has no contrary evidence and yet plaintiff has persisted

---

[1] Massachusetts Bay Transportation Authority, Joseph Carter, John A. Martino, Dolores Ford Murphy, Thomas Komola, Anne McCall, Kenneth Sprague, Peter Pasciucco, Priscilla Jackson, and William Killoran (collectively the "the Defendants").

1025733.1

in pursuing a complaint, a significant part of which is patently false. Under these circumstances, having not availed himself of the "safe harbor" extended by Defendants both informally (by letter) and through service of this motion 21 days before filing, sanctions against the Plaintiff are warranted. As the allegations about Officer Pasciucco's credentials infect the entire pleading, and as the allegations may do serious harm to Officer Pasciucco's reputation and career, the Court should order the Complaint be stricken, and that plaintiff pay the Defendants' attorney's fees in pursuing this motion.

## II.    Argument

### A.    Claims Regarding Officer Peter Pasciucco Are At The Core Of This Civil Action

1. Plaintiff commenced this whistleblower case in late July 2009. Plaintiff, an MBTA police officer, claims that over a period stretching back to 1993, he uncovered various kinds of wrongdoing at the MBTA Police Department, and that when he revealed the wrongdoing he was retaliated against.

2. Plaintiff alleges that in 2004-2005 he complained that fellow MBTA Police Officer Peter Pasciucco was not a properly credentialed police officer because he "did not attend the police academy or take the civil service examination prior to being appointed as an MBTA Police Officer…" (Complaint at ¶ 142) and as such he "was unqualified to perform essential functions and duties of a sworn police officer for the MBTA Transit Police Department." (Complaint at ¶ 73). Plaintiff complained that an affidavit that Officer Pasciucco submitted in the Che Meranda case was perjured because Officer Pasciucco had represented

himself as a duly authorized officer. Complaint at ¶¶ 68-82. When Internal Affairs presented plaintiff with Officer Pasciucco's police academy graduation certification, plaintiff refused to credit the certification. Complaint at ¶¶ 114-115.

3. Plaintiff alleges that he raised the following additional concerns at various earlier times:

(a) He alleges that in or about *1998*, he complained about the fixing of traffic tickets to a superior officer, to the MBTA police prosecutor, to a Massachusetts judge, to another MBTA police official, and to the Attorney General's Office, and that nothing was done to investigate his concerns.

(b) He alleges that in *1998,* he complained to the Drug Enforcement Agency ("DEA") that then Chief Thomas O'Loughlin unlawfully took a DEA seized car, and the DEA required Chief O'Loughlin to return the vehicle.

(c) He alleges that in *1998*, he reported to Chief O'Loughlin and to the Attorney General that there had been a cover-up of a homicide investigation. He alleges that he raised these concerns again in *1999* (to Internal Affairs) and in *2002* (to an Assistant District Attorney).

For a complete description of the Complaint—including the allegations relating to Pasciucco's credentials—see Defendants' Memorandum in Support of Motion to Dismiss, a copy of which is attached hereto as Attachment 1.

4. The plaintiff's allegations about Officer Pasciucco's credentials go to the very essence of his Complaint. They are asserted directly and indirectly throughout the 125 page, 431 paragraph Complaint. In fact, plaintiff's tale begins with his allegations about Officer Pasciucco's credentials and how he supposedly learned in 1993 from the now deceased John O'Loughlin

1025733.1

3

that Officer Pasciucco's status as a police officer was "questionable." See Complaint at ¶¶ 20-23. Plaintiff's allegations about Officer Pasciucco's credentials are one of the reasons plaintiff cites for his belief that the MBTA Police Department's investigation into the alleged homicide cover-up was a "sham." ¶¶ 36-38. The assertion that Officer Pasciucco is not really a police officer forms the heart of plaintiff's allegation about the Che Meranda case (Complaint at ¶¶ 68-88) and the 2005 internal affairs investigation (Complaint at ¶¶ 109-133). Plaintiff even attributes the department's response to the 2007 citizen complaint against him to his "whistleblowing" about Pasciucco's credentials. Complaint at ¶ 141. Each of plaintiff's 17 counts incorporates his allegations about Pasciucco's credentials. In short, the allegations about Officer Pasciucco's credentials infect the entire pleading.

5. Plaintiff's allegations about Peter Pasciucco are also the only alleged acts of whistle blowing that occurred *after 2002*. As a result, in assessing the timeliness of plaintiff's allegations, and whether he can maintain *any* claims, allegations concerning Peter Pasciucco are key.

B. **There Is No Good Faith Basis For Plaintiff's Challenge To Officer Pasciucco's Credentials**

6. Public records demonstrate that Peter Pasciucco is a properly credentialed police officer because he *did* attend the police academy and *did* take a civil service examination. Defendants have advised plaintiff's attorney of these facts. On October 2, 2009, Defendants filed their Motion to Dismiss. Defendants submitted with their memorandum in support of their

motion to dismiss, the following records concerning Peter Pasciucco's credentials:

- An excerpt from the minutes of the meeting of the Canton Board of Selectmen, dated August 19, 1980, reflecting the appointment of Peter Pasciucco and others as permanent intermittent police officers **from a list provided by Civil Service after examination**;

- Peter Pasciucco's **Diploma from the State Police Academy** dated May 21, 1982;

- Various certificates of accomplishment from the State Police Academy;

- Certification from the Massachusetts Criminal Justice Training Council that Peter Pasciucco successfully completed the Basic Training Course at the State Police Academy;

- True and accurate copies of the following documents received by the undersigned counsel from the Division of Standards and Training Section of the State Police Academy on 10/1/09: a) a memorandum attesting to Peter Pasciucco's academy record, and b) a certification from the Massachusetts Criminal Justice Training Council that Peter Pasciucco successfully completed the Basic Training Course held at the State Police Academy;

- Peter Pasciucco's test scores from the Academy showing he finished first in his academy class;

- The picture of Peter Pasciucco's graduating class from the academy (he is on the far right of the first row); and

- The Division of Personnel Administration 1986 transfer of Pasciucco from the Canton Police Department to the MBTA Police Department.

See Exhibit 1 to Defendants' Memorandum in Support of Motion to Dismiss, Affidavit of Daniel S. Tarlow at Exhibit G ("Tarlow Affidavit in Support of Motion to Dismiss"), which is Attachment 1 hereto.

1025733.1

5

7. To supplement these records, Defendants now attach as Attachment 2, the Affidavit of Sally McNeely, Director of the Civil Service Unit of the Human Resources Division of the Commonwealth of Massachusetts ("HRD"). The Affidavit attests to the fact that HRD's records reflect the fact that Pasciucco did take a civil service examination to become a police officer, and that his 1986 transfer from the Canton Police Department to the MBTA Police Department was approved by HRD (amongst others).

8. In sum, these public records conclusively establish that Peter Pasciucco took a civil service examination to become a police officer, that he graduated from the State Police Academy, and that he validly transferred to the MBTA Police Department in 1986.

C. **Despite The Clear Records, Plaintiff Continues To Insist, Without Any Basis, That Officer Pasciucco Is Not Properly Credentialed**

9. On or about October 6, 2009, a few days after serving Defendants' motion to dismiss, Defendants' counsel wrote to plaintiff's counsel, to explain that the records demonstrate that Peter Pasciucco is a duly authorized officer and there is no basis for plaintiff to continue to assert his scurrilous accusations about Officer Pasciucco's credentials. Defendants' counsel wrote, *inter alia*, as follows:

> By this time you have had a chance to review our motion to dismiss and supporting memorandum. We write this letter to put you on notice that it is our intention, on behalf of our clients, to file a motion for sanctions against you and your client under Fed. R. Civ. P. 11(c)(2) unless your client withdraws the Complaint as provided in Rule 11. In particular, your client's Complaint, which charges former and current MBTA Police Department officers and the MBTA Police Department with the most serious kind of wrongdoing, is incredibly irresponsible, especially since this is a

> case where the underlying factual premises can be shown to be demonstrably false *as a matter of public record...*
>
> ...the Complaint falls well short of the standard set forth in Fed. R. Civ. P. 11(b)(3). At a minimum, the Complaint irresponsibly and unreasonably charges that Pasciucco is not a real police officer and, as such, he swore to a false and fraudulent affidavit that resulted in a wrongful conviction (and a long prison sentence) of Che Meranda. These are incredibly serious allegations and potentially quite damaging to Mr. Pasciucco's career and to the MBTA Police Department. It appears to us that neither you, nor your client, had a good faith basis, nor had you done an adequate investigation, to make such allegations.
>
> We write to give you an opportunity to withdraw the Complaint, as provided in Rule 11(c)(2), and avoid our serving/filing a motion for sanctions. In evaluating this issue, you are welcome to come to our office to view any of the documents mentioned above. Alternatively, if you have evidence, in support of the Complaint's allegations, that you think justifies your continuing to pursue this civil action, we invite you to share it with us. Absent such evidence from you, it is our intention, unless you withdraw the Complaint by October 19, 2009, to serve a formal motion for sanctions under Rule 11(c)(2).
>
> See letter from Daniel S. Tarlow to Michael Rubenstein dated October 6, 2009, a true and accurate copy of which is attached to the Affidavit of Daniel S. Tarlow in Support of Motion for Sanctions, attached hereto as Attachment 3.

10. On or about October 13, 2009, plaintiff's counsel Michael Rubenstein called the undersigned counsel for the Defendants, and stated that plaintiff stood by his allegations about Pasciucco's credentials and would submit his evidence regarding Pasciucco's credentials in plaintiff's opposition to Defendants' motion to dismiss. See Affidavit of Daniel S. Tarlow in Support of Motion for Sanctions, attached hereto as Attachment 3.

11. On November 5, 2009, plaintiff filed his opposition to Defendants' motion to dismiss ("Plaintiff's Opposition to Motion to Dismiss"). Plaintiff addressed Pasciucco's credentials as follows:

> With regard to the allegation in the complaint that Pasciucco is not a lawful police officer, the plaintiff states that at the time of the filing of the complaint, there was more than adequate ground for the plaintiff to make that allegation. Although the defendants have now produced documents which make it appear that Pasciucco may have actually attended the police academy, the plaintiff still asserts that Peter Pasciucco is not a lawful police officer in that he made an illegal lateral transfer from being an intermittent police officer on the Canton police department to being a full-time police officer for the MBTA in violation of Massachusetts law, without having taken the civil service exam or having been picked from a list of qualified applicants on the civil service list. There is a legitimate question of material fact as to whether or not Peter Pasciucco is actually a lawful police officer and the mere fact that records have now been produced after dozens of attempts by the plaintiff and his attorney to obtain said records does not make the issue moot. The plaintiff further asserts that there is a legitimate question of material fact as to whether or not some of the records produced by the defendants have been altered in some manner.

See Plaintiff's Opposition to Motion to Dismiss at p. 9.

12. As can be seen from Plaintiff's Opposition to Motion to Dismiss, plaintiff now half-heartedly concedes that Pasciucco went to the police academy, but continues to allege, without pointing to any evidence, that Pasciucco did not take the civil service examination to become a police officer and/or to transfer to the MBTA Police Department.[2]  As noted above, the

---

[2] The Complaint also hinges on the allegation that Peter Pasciucco signed the affidavit in support of the application for a search warrant in the Che Meranda case. Complaint at ¶¶ 68-82. Defendants submitted, as part of their motion to dismiss, records from the case of *Commonwealth v. Che Meranda, SUCR1996-10278*. These records show that Mark Gillespie, not Peter Pasciucco, signed the affidavit in question. See Exhibit C to Tarlow Affidavit in Support of Motion to Dismiss. In Plaintiff's Opposition to Motion to Dismiss, plaintiff now concedes that Mark Gillespie signed the affidavit in support of the application for search warrant in the Che Meranda matter, but plaintiff vaguely alleges there was a second affidavit signed by Officer Pasciucco and accuses the MBTA of hiding this fact. See Plaintiff's Opposition to Motion to Dismiss at p. 13. A review of the court docket in the Che Meranda matter,

public records demonstrate that Officer Pasciucco *did* take a civil service examination and *was chosen* from a list of qualified applicants. Accordingly, plaintiff's allegations lack any good faith basis. He also alleges, without pointing to any evidentiary support, that some of the public records may have been altered.

D. **Sanctions Are Appropriate Because Plaintiff Continues To Insist On Scurrilous Claims That Have No Evidentiary Support**

13. Fed. R. Civ. P. 11 (b)(3) provides, in relevant part, that "[b]y presenting to the court a pleading, ...an attorney ... certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances...the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery."

14. Here, whether or not plaintiff had a sufficient basis for the allegations about Peter Pasciucco's credentials at the initiation of the case[3], plaintiff has now been confronted with overwhelming evidence of Officer Pasciucco's credentials. Plaintiff has been given an opportunity, first informally, and then through this motion, to present contrary evidence. Plaintiff took the position that he would present such evidence in his opposition to the motion to dismiss. Plaintiff has not, either as part of his

---

however, does not reflect any second affidavit. See Affidavit of Daniel S. Tarlow in Support of Motion for Sanction, attached hereto as Attachment 3.

[3] It is Defendants' position that plaintiff did not have a reasonable basis at the outset of the case for his allegations about Pasciucco's credentials. Nonetheless, this motion for sanctions does not turn on an inquiry about what plaintiff knew at the outset of the case, because at this juncture plaintiff has violated his duties under Rule 11 by persisting in his allegations about Pasciucco.

1025733.1                                              9

opposition to the motion to dismiss or otherwise, refuted the evidence of Pasciucco's credentials with any probative evidence of his own. Rather, plaintiff merely asserts his continuing doubts about Pasciucco's credentials, and based on those doubts he persists in his allegation that Pasciucco is not a real police officer.

15. The plaintiff's persistence in these allegations is sanctionable under Rule 11. As the Advisory Committee Notes state: "[t]he rule continues to require litigants to 'stop-and-think' before initially making legal or factual contentions. It also, however, emphasizes the duty of candor by subjecting litigants to potential sanctions for insisting upon a position after it is no longer tenable and by generally providing protection against sanctions if they withdraw or correct contentions after a potential violation is called to their attention." Advisory Committee's Note to Fed. R. Civ. P. 11(b); *see also* Young v. City of Providence, 404 F. 3d 33, 39 (1st Cir. 2005) ("The object of the safe harbor is to allow a party to privately withdraw a questionable contention without fear that the withdrawal will be viewed by the court as an admission of a Rule 11 violation.").

16. Although it is no longer tenable to do so, plaintiff continues to insist upon his allegations about Officer Pasciucco's credentials, including the allegation that "[s]ubsequent investigation has shown that Pasciucco did not attend the police academy or take the civil service examination prior to being appointed as an MBTA Police Officer…" Complaint at ¶ 142.

17. Given that the allegations about Pasciucco's credentials infect the entire Complaint, and that these allegations are of the most serious nature and threaten to, and appear intended to, harm Officer Pasciucco's reputation and career as a police officer, the appropriate sanction is to strike the plaintiff's Complaint. Kurker v. Kassler & Feuer, P.C., 1999 WL 33601320 * 2 (D. Mass.) (Stearns, J); Nault's Automotive Sales, Inc. v. American Honda Motor Company, Inc., 148 F.R.D. 25, 36-37 (D.N.H. 1993); Morales v. Digital Equipment Corp., 669 F. Supp. 1173, 1187-1188 (D. P.R. 1987) ("The federal courts do not provide a forum for mudslinging, name calling and 'privileged defamation.'").

18. Plaintiff's situation -- where he has maintained a position without evidence apparently due to his belief in a series of intertwined, large-scale, long-running conspiracies involving public bureaucracies (the MBTA, the State Police, Civil Service) -- is reminiscent of the Kurker case, where the court said as follows:

> A court is empowered by Rule 12(f) of the Rules of Civil Procedure to strike from a Complaint "any redundant, immaterial, impertinent or scandalous matter." This is the course recommended by the defendants, and the one that I will adopt. Kurker's allegations cross the line that separates the merely frivolous from the preposterous. The Complaints are bereft of even the kind of quasi-factual asservations that might appeal to the credulity of an Oliver Stone; moreover, their allegations would be actionable as libelous if served up in any form other than a legal pleading. While I do not doubt that Kurker has persuaded himself that he is the victim of sinister forces, his use of the legal process to extract undeserved revenge from the judges and opponents whom he blames for his misfortunes must be brought to a halt. The idea that a conspiracy, larger and more exposed to day-to-day scrutiny than Watergate, could have sustained itself all of these years without a single misstep or defection may seem superficially amusing, but it

>is not so for the defendants and others who have had to bear the brunt of Kurker's scurrilous allegations and the expense of defending themselves from his legal abuse.
>
>Kurker v. Kassler & Feuer, P.C., 1999 WL 33601320 * 2 (D. Mass.) (Stearns, J);

19. In sum, plaintiff's scurrilous allegations were put on the public record via the Complaint, and in fairness to Officer Pasciucco, the offending Complaint should be stricken as a matter of public record. Further, the Court should order that any new complaint filed by plaintiff excise all references related to Officer Pasciucco's credentials. See Nault's Automotive, 148 F.R.D. at 37. If the plaintiff does decide to file a new complaint without reference to Officer Pasciucco's credentials, plaintiff should be mindful of his Rule 11 obligations not to assert claims that he knows to be time-barred or otherwise not actionable. See Id.

20. In addition, plaintiff should be required to reimburse the MBTA for the legal fees associated with this motion. Top Entertainment, Inc. v. Maria Ortega D/B/A Servitel, 285 F.3d 115 (1st Cir. 2002) (ordering sanctions comprised of double costs and attorney's fees); Soler v. Puerto Rico Telephone Co., 230 F. Supp. 2d 232, 238-239 (D.P.R. 2002) (ordering plaintiff's counsel to pay reasonable attorney's fees, costs and expenses); Morales, 669 F. Supp. at 1188 (ordering costs and attorney's fees where plaintiff refused to withdraw claims against party improperly named); Nault's Automotive, 148 F.R.D. at 38.

III.   Conclusion

      21.   For all of the above reasons, Defendants' Motion for Sanctions should be allowed.

Respectfully submitted,

MASSACHUSETTS BAY TRANSPORTATION AUTHORITY, JOSEPH CARTER, JOHN A. MARTINO, DOLORES FORD MURPHY, THOMAS KOMOLA, ANNE MCCALL, KENNETH SPRAGUE, PETER PASCIUCCO, PRISCILLA JACKSON, AND WILLIAM KILLORAN

By their attorneys,

/s/ Daniel S. Tarlow
Walter B. Prince, BBO# 406640
Daniel S. Tarlow, BBO# 55292
Joseph L. Edwards, Jr., BBO# 564288
Prince, Lobel, Glovsky & Tye LLP
100 Cambridge Street, Suite 2200
Boston, MA 02114
(617) 456-8000

Date: December 24, 2009

## CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1(A)(2)

I, Daniel S. Tarlow, counsel for defendants, hereby certify in accordance with Local Rule 7.1(A)(2) that defendants conferred with plaintiff's counsel, Michael Rubenstein, on December 23, 2009, regarding the issues addressed in the foregoing motion for sanctions, and that we attempted in good faith to resolve or narrow the issues addressed herein.

/s/ Daniel S. Tarlow

Date: December 24, 2009

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on December 24, 2009.

/s/ Daniel S. Tarlow

1025733.1                                                13