UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

Civil Action No. 09-11253-RGS

DANIEL CARDARELLI,

    Plaintiff

v.

MBTA, et al.,

    Defendants

**DEFENDANTS ROBERT POWERS AND PAUL BYRNE'S MEMORANDUM IN SUPPORT OF THEIR MOTION FOR JUDGMENT ON THE PLEADINGS PURSUANT TO FED.R.CIV.P. 12C**

**STATEMENT OF THE CASE**

The Plaintiff, Daniel Cardarelli, formerly employed by the Massachusetts Bay Transit Authority ("MBTA") brings an action against the MBTA, Joseph Carter, Thomas O'Loughlin, John A. Martino, Delores Ford Murphy, Thomas Kamola, Anne McCall, Kenneth Sprague, Peter Pasciucco, Robert Powers, Paul Byrne, Priscilla Jackson, and William Killoran. Defendant Robert Powers in both his official and individual capacity and defendant Paul Bryne in both his official his individual official capacity hereby submit this memorandum in support of their motion to dismiss all claims against them contained in the Plaintiffs intentionally protracted complaint.

As identified in the plaintiff's complaint, he is attempting to bring suit against Robert Powers for a breach of the duty of fair representation, falsely accusing the plaintiff of making threats which resulted in the plaintiff having to submit to psychiatric evaluation, offering and then denying financial assistance, and a second breach of the duty of fair representation claim.

The plaintiff masks the aforementioned claims through a protracted and intentionally ambiguous complaint.  The plaintiff's counts, resulting from four factual allegations against defendant Powers, pleads a violation of 42 U.S.C. § 1983, violation of the Massachusetts Civil Rights Act, Negligent Infliction of Emotional Distress, Intentional Infliction of Emotional Distress, Defamation of Character, Slander/Libel, Civil Conspiracy, and violation of 18 U.S.C. §§ 1962-1964.

As identified in the plaintiff's complaint, he is attempting to bring suit against Paul Byrne for issuing a single system wide page over the MBTA Transit Police network allegedly calling the plaintiff a "nut" and stating that he needs a shrink.  Against defendant Byrne for this single factual allegation, the plaintiff pleads a violation of 42 U.S.C. § 1983, violation of the Massachusetts Civil Rights Act, Negligent Infliction of Emotional Distress, Intentional Infliction of Emotional Distress, Defamation of Character, Slander/Libel, and Civil Conspiracy.

Defendants Powers and Byrne argue that they are entitled to dismissal as a matter of law for the plaintiff's failure to comply with the statute of limitation amongst other statutory preclusion issues and, alternatively, they are entitled to a judgment as a matter of law because the plaintiff's complaint has not pled the requisite substantive elements for each of the counts that he brings.

**STATEMENT OF THE FACTS**

For purposes of this motion the facts are taken exclusively from the plaintiff's Complaint and, if necessary, from those documents that the defendants argue should be judicially noticed.

Robert Powers is named as an MBTA employee and the former president of the MBTA Police Association Union ("the Union").  Pl.'s Compl. ¶ 11 (July 28, 2009).  There are four factual allegations in the complaint upon which eight separate counts for legal relief are claimed

against Powers.  Count XVI is specific solely to Powers.  The factual allegations include:

1. In 2004, Powers breached his fiduciary and contractual duty to fairly represent Cardarelli by turning over documents related to a grievance that Cardarelli had discussed with Robert Marino (then Treasurer of the Union).  Pl.'s Compl. ¶ 75.
2. In 2004, Powers played a role in falsely accusing Cardarelli of making threats against the family of Lt. William Fleming.  As part of this factual allegation, Powers falsely stated to Cardarelli that Robert Marino was a witness to the threats which also turned out to be false.  Resulting from these allegations was an order given by Powers that Cardarelli submit to psychiatric evaluation.  Powers told Cardarelli that the order came from Chief of MBTA Police Joseph Carter.  Pl.'s Compl. ¶¶ 76 – 82.
3. Sometime during Christmas season in 2004, Powers offered financial assistance to Cardarelli on behalf of the Union and then unilaterally decided to deny him such assistance.  Pl.'s Compl. ¶¶ 83 – 84.
4. In 2004 and continuing for "the next year or so" Powers failed to file a grievance with the employer for lost wages that he suffered due to being wrongfully kept out of work for over a month following Cardarelli's request that Powers file a grievance.  Pl.'s Compl. ¶¶ 85 – 88.

Paul Byrne is named as a former MBTA employee and former president of the Union. Pl.'s Compl. ¶ 12.  There is one factual allegation in the complaint upon which seven separate counts for legal relief are claimed against defendant Byrne; all of which counts are generally and conclusory alleged against "all defendants".  The factual allegation involves an MBTA Transit Police system wide page made on February 4, 2002, that stated "Officer Cardarelli has

psychological problems and needs to see the shrink because he is a nut." Cardarelli spoke to Byrne after the transmission and Byrne admitted to the page. Pl.'s Compl. ¶ 93.

## STATEMENT OF CLAIMS

The Complaint pleads under Count II a violation of 42 U.S.C. § 1983. In this count liability is alleged on the part of the MBTA for its "agents, servants and employees". Also, in this count, liability is alleged on the part of the individual defendants in their individual capacities.

Under Count III the complaint pleads a violation of M.G.L. c. 12, § 11L. Similar to Count II the count alleges liability for the MBTA and the individual defendants. In this count, however, it is also alleged that the Defendants were acting under the color of the law when they interfered with the exercise or enjoyment of Cardarelli's Constitutional Rights.

Count IV (NIED), Count V (IIED), Count VI (Defamation), Count VII (Slander), and Count VIII (Civil Conspiracy) do not specify as to whether the Defendants engaged in such alleged conduct in their official or individual capacities, or both.

Count XVI is specifically against Defendant Robert Powers. The Count specifically states that at all times relevant to the complaint, Powers "was an employee of or was associated with the enterprise, and did conduct or participate in the affairs of the enterprise." Paragraphs 408 to 427 of Count XVI allege numerous violations of 18 U.S.C §§ 1962-1964, all of which, however, are alleged in Powers individual capacity. Paragraphs 428 and 429 allege violations of 18 U.S.C. § 1962(c) and 18 U.S.C. § 1962(d) respectively in which it is not specified as to whether such violations were alleged to occur in his official or individual capacity.

## JUDGMENT ON THE PLEADINGS STANDARD

The standard of review of a motion for judgment on the pleadings under Federal Rule of

Civil Procedure 12(c) is the same as that for a motion to dismiss under Rule 12(b)(6). Pasdon v. City of Peabody, 417 F.3d 225, 226 (1st Cir.2005); Collier v. City of Chicopee, 158 F.3d 601, 602 (1st Cir.1998).

In order for the plaintiff's claims to survive a motion to dismiss, it "must contain sufficient factual matter, accepted as true, to state a claim of relief that is plausible on its face." See Ashcroft v. lqbal, 129 S. Ct. '1937, 1949-50 (2009)(describing the contents of a viable complaint in federal court). A claim is plausible on its face if the factual content "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id. "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." Id. To determine whether a complaint states a plausible claim for relief, the Court is required to "draw on its judicial experience and common sense." Id at 1949. If "well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint . . . has not shown that the pleader is entitled to relief." Id.

While the Court is required to accept "all well-pleaded facts as true," see Garita Hotel Ltd. P'ship v. Ponce Fed. Bank, 958 F.2d 15,17 (1st Cir. 1992), the Court should similarly reject those pleading which are legal conclusions. Ashcroft at 1949. Therefore, a plaintiff cannot simply present "threadbare" or "formulistic" recitals of the elements of a cause of action," supported by "naked assertions devoid of further factual enhancements," "mere conclusory statements," or legal conclusions couched as [] factual allegation[s] " Id , 1949-50.

**ARGUMENTS**

Defendants Powers and Byrne herein incorporate the arguments of co-defendants

Massachusetts Bay Transportation Authority, Joseph Carter, John A. Martino, Delores Ford Murphy, Thomas Kamola, Anne McCall, Kenneth Sprague, Peter Pasiucco, Priscilla Jackson, and William Killoran ("MBTA co-defendants") in their motion to dismiss. More specifically, defendants Powers and Byrne restate and incorporate the arguments of their MBTA co-defendants' as further stated herein.

    **a.    The Court Should Enter A Judgment On The Pleadings For Defendants Powers And Byrne For The Plaintiff's Failure To Comply With The Requisite Statutes Of Limitation.**

Defendants Powers and Byrne herein incorporate the MBTA co-defendants' argument that all claims other than the RICO claims are barred by the applicable statute of limitations at further set forth in the chart in section II.L. of the MBTA co-defendants' motion to dismiss.

    **1.    Defendant Powers**

Plaintiff claims that defendant Powers breached his fiduciary duty in 2004 twice. The first time the plaintiff alleges such a breach is the incident in which defendant Powers turned over documents related to a grievance that the Plaintiff had discussed with Robert Marino. The second time the plaintiff alleges such a breach is the incident in which the plaintiff requested that defendant Powers file a grievance for the plaintiff's lost wages which he did not pursue. Plaintiff alleges that this second breach continued for a year or so.

The plaintiff's claim that in 2004 defendant Powers offered financial support to the plaintiff and then unilaterally withdrew such support. Such allegation is not an actionable set of facts under any theory. Even assuming, for the sake of argument, that the allegation is actionable, under every count of the plaintiff complaint it would be barred by the statute of limitation.

The facts on which the RICO claim is based occurred in 2004. The plaintiff alleges that

defendant Powers played a role in falsely stating to Cardarelli that Robert Marino was a witness to the threats which also turned out to be false.  Resulting from these allegations was an order given by Powers that Cardarelli submit to psychiatric evaluation.  Powers told Cardarelli that the order came from Chief of MBTA Police Joseph Carter.  Although the Complaint does not specify the specific date or dates on which these incidents occurred we may assume that it occurred on December 31, 2004 for the sake of argument.  As noted in the MBTA co-defendants' argument, the statute of limitation on the plaintiff's RICO claim is four years from the date of the incident. Four years from December 31, 2004 is very clearly December 31, 2008.  The plaintiffs RICO claim expired six months and twenty-eight days before the submission of his complaint on July 28, 2009.

        2.     **Defendant Byrne**

It is alleged that defendant Byrne stated the following message over the MBTA Transit Police system wide page:  "Officer Cardarelli has psychological problems and needs to see the shrink because he is a nut."   The plaintiff's complaint also very clearly stated that such page was made on February 4, 2002.  The complaint was submitted to this Court on July 28, 2009, seven years, five months, and 24 days after the statement.  As such, defendant Byrne is entitled to dismissal on counts VI and VII of the plaintiff's Complaint.

        b.     **The Court Should Enter A Judgment On The Pleadings For Defendants Powers And Byrne On Count II Of The Plaintiff's Complaint.**

Defendants Powers and Byrne herein restate and incorporate the MBTA co-defendants' argument that the plaintiff's **Count II** for violation of 42 U.S.C. § 1983 should be dismissed.

        c.     **The Court Should Enter A Judgment On The Pleadings For Defendants Powers And Byrne On Count III Of The Plaintiff's Complaint.**

Defendants Powers and Byrne herein restate and incorporate the MBTA co-defendants'

argument that the plaintiff's **Count III** for violation of the Massachusetts Civil Rights Act should be dismissed.

    **d.    The Court Should Enter A Judgment On The Pleadings For Defendants Powers And Byrne On Count IV Of The Plaintiff's Complaint.**

Defendants Powers and Byrne herein restate and incorporate the MBTA co-defendants' argument that the plaintiff's **Count IV** for negligent infliction of emotion distress should be dismissed.

    **e.    The Court Should Enter A Judgment On The Pleadings For Defendants Powers And Byrne On Count V Of The Plaintiff's Complaint.**

Defendants Powers and Byrne herein restate and incorporate the MBTA co-defendants' argument that the plaintiff's **Count V** for intentional infliction of emotional distress should be dismissed.

    **f.    The Court Should Enter A Judgment On The Pleadings For Defendants Powers And Byrne On Counts VI And VII Of The Plaintiff's Complaint.**

Defendant Powers herein restates and incorporates the MBTA co-defendants' argument that the plaintiff's **Count VI** for defamation of character and **Count VII** for libel/slander should be dismissed. Defendant Byrne further addresses this claim below.

    **g.    The Court Should Enter A Judgment On The Pleadings For Defendants Powers And Byrne On Count VII Of The Plaintiff's Complaint.**

Defendants Powers and Byrne herein restate and incorporate the MBTA co-defendants' argument that the plaintiff's **Count VII** for civil conspiracy should be dismissed.

    **h.    The Court Should Enter A Judgment On The Pleadings For Defendants Powers And Byrne On Count III Of The Plaintiff's Complaint.**

Defendants Powers herein restates and incorporates the MBTA co-defendants' argument that the plaintiff's **Count XVI** for civil RICO claim should be dismissed.

**CONCLUSION**

For the above stated reasons, the Defendants request that all counts and claims be dismissed with prejudice.

>Defendants, Robert Powers and
>Paul Byrne
>By their attorney,
>
>/s/*Regina M. Ryan*
>
>_____
>Douglas I. Louison   (BBO# 545191)
>Regina M. Ryan (BBO# 565246)
>Louison, Costello, Condon & Pfaff, LLP
>67 Batterymarch Street
>Boston, MA 02110
>Dlouison@lccplaw.com
>Rryan@lccplaw.com
>(617) 439-0305

**CERTIFICATE OF SERVICE**

      I, Regina M. Ryan, hereby certify that on the 19th day of January, 2010, I served the foregoing by causing a copy to be directed to the following parties:

**Michael D. Rubenstein**
Law Office of Michael D. Rubenstein
1725 Revere Beach Parkway
22nd Floor
Everett , MA 02149-5914
617-387-3548

**Walter B. Prince**
**Joseph L. Edwards , Jr.**
**Daniel S. Tarlow**
Prince, Lobel Glovsky & Tye LLP
585 Commercial Street
Boston , MA 02109
617-456-8000

**Austin M. Joyce**
**Andrew J. Gambaccini**
Reardon, Joyce & Akerson, P.C.
4 Lancaster Terrace
Worcester , MA 01609
508-754-7285

      /s/*Regina M. Ryan*

Regina M. Ryan